UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRANCE WILSON<br><br>Defendant. | Crim. Action No. 1:25CR256 |

**MOTION TO DISMISS FOR FAILURE TO STATE A FEDERAL OFFENSE**

Comes now, Terrance Wilson, through counsel and moves this Court, pursuant to Fed. R Crim. Procedure 12(b)(3)(B)(v), to dismiss the Information for failure to state an offense. Specifically, the Information charges Mr. Wilson with knowingly and intentionally forcibly assaulting, resisting, impeding a person designated in 18 U.S.C. § 1114, *i.e.*, a federal officer engaged in his official duties or any person assisting such an officer in the performance of such duties, in violation of 18 U.S.C. § 111(a). However, the statement of facts in support of the complaint clearly alleges that Mr. Wilson assaulted or impeded Metropolitan Police Department (MPD) Officer Bell. MPD officers are not federal law enforcement officers, nor were they assisting a federal officer engaged in the performance of his official duty. The complaint does not separately identify a federal officer engaged in official duties with which Officer Bell was assisting.

**Relevant Background**

Terrance Wilson was arrested on August 18, 2025. According to the statement of facts in support of the complaint, MPD officers, along with agents from the Drug Enforcement Administration (DEA), Federal Bureau of Investigations (FBI), Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and Homeland Security Investigations (HSI) were patrolling a

neighborhood in Southeast D.C. This array of federal law enforcement officers was not deployed to investigate a possible federal offense or to protect federal property, personnel, or a government function, such as an official proceeding. Instead, dozens of local and federal law enforcement officers were deployed in Southeast, Washington, D.C. "in reference to possible fireworks and sounds of gunshots." Complaint Statement of Facts. According to the complaint, law enforcement encountered an "uncooperative and disorderly crowd." *Id*. As MPD Officer Leonardo Bell was instructing people to get back, Mr. Wilson's elbow allegedly made contact with Officer Bell.

Apparently, based on Mr. Wilson's elbow contact with MPD Officer Bell, Mr. Wilson was arrested and charged by complaint with one count of assaulting and resisting a federal law enforcement officer in violation of 18 U.S.C. § 111(a). He was presented on August 22, 2025, after four days in custody without seeing a judicial officer, and was released on his own recognizance with conditions.[1] Though the complaint initially charged a felony, on August 29, 2025, the government filed a superseding Information charging one count of misdemeanor assaulting, resisting and impeding officers in violation of 18 U.S.C. § 111 (a)(1).

## **Argument**

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a defendant to move to dismiss an information or indictment on the grounds that it fails to state an offense. An information may fail to state an offense if it omits a necessary element of the crime or if the allegations, even if true, do not constitute a violation of the relevant statute. *See Lange v. United States*, 443 F.2d 720, 727 (D.C. Cir. 1971). The defect in Mr. Wilson's Information could not be more apparent: He is charged with assaulting a federal officer, but MPD Officer Bell is not a federal officer and the complaint does not establish that he was assisting a federal officer in the performance of his official

---

[1] Mr. Wilson objected to the imposition of any conditions of release and requested release on personal recognizance.

duties as required to for a violation of 18 U.S.C. § 111(a)(1). To the contrary, the complaint alleges that federal officers were patrolling with MPD officers to assist with local law enforcement efforts and encountered "a crowd" engaged in disorderly conduct.[2] Disorderly conduct is a purely local crime that has no federal analogue at the 3400 block of Stanton Road, SE, Washington, D.C.[3] The complaint does not allege that enforcing local crimes was an "official duty" of any federal officer in this case.

The complaint references the President's Executive Order Declaring a Crime Emergency in the District of Columbia, issued on August 11, 2025, and alleges that Officer Bell was deployed pursuant to this Order "for federal purposes." The Order reads in pertinent part:

> I determine that special conditions of an emergency nature exist that require the use of the Metropolitan Police Department of the District of Columbia (Metropolitan Police force) for Federal purposes, including maintaining law and order in the Nation's seat of Government; protecting Federal buildings, national monument, and other Federal property;

---

[2] The disorderly conduct statute, D.C. Code § 22–1321 (2001), punishes anyone who, "with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby: (1) acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others...." In *In re M.W.G.,* 427 A.2d 440, 442 (D.C. 1981), the D.C. Court of Appeals explained that disorderly conduct requires that a defendant "create[] a substantial risk of a breach of the peace [. . . ] provok[ing] a violent response by police officers" and emphasized that disorderly conduct does not occur in the absence of "words likely to produce violence on the part of others." Mr. Wilson did not commit disorderly conduct.

[3] "[T]he [Supreme] Court has consistently disapproved governmental action imposing criminal sanctions or denying rights and privileges solely because of a citizen's association with an unpopular organization" or "guilt by association." *Healy v. James*, 408 U.S. 169, 185–86 (1972) (citing *United States v. Robel*, 389 U.S. 258 (1967); *Keyishian v. Board of Regents*, 385 U.S. 589, 605—610; Elfbrandt v. Russell, 384 U.S. 11 (1966); *Scales v. United States*, 367 U.S. 203, 81 (1961). Indeed, attempts to criminalize the actions of a group of individuals questioning the conduct of government actors – even when doing so passionately – infringes on well-established First Amendment rights and is anathema to a free democracy. *See City of Houston v. Hill,* 482 U.S. 451, 461 (1987), quoting *Terminiello v. Chicago,* 337 U.S. 1, 4 (1949) ("Speech is often provocative and challenging.... [But it] is nevertheless protected against ... punishment, unless shown likely to produce a clear and present danger of a serious substantive evil ... [beyond] public inconvenience, annoyance, or unrest").

> and ensuring conditions necessary for the orderly functioning of the Federal Government. Effective immediately, the Mayor of the District of Columbia shall provide the services of the Metropolitan Police force for Federal purposes for the maximum period permitted under section 740 of the Home Rule Act.

"Declaring a Crime Emergency in the District of Columbia," Exec. Order No. 14,333 (Aug. 11, 2025).

Section 740 of the District of Columbia Home Rule Act, in turn, outlines the President's authority to request the assistance of MPD for federal purposes during emergencies. This authority is limited in scope and must be administered through the Mayor. The Act states in pertinent part:

> Notwithstanding any other provision of law, whenever the President of the United States determines that special conditions of an emergency nature exist which require the use of the Metropolitan Police force for federal purposes, he may direct the Mayor to provide him, and the Mayor shall provide, such services of the Metropolitan Police force as the President may deem necessary and appropriate.

D.C. Code. § 1-207.40(a). Thus, the August 11th Executive Order and the Home Rule Act reinforce what the facts alleged in the complaint establish: MPD Officer Bell was not an "officer or employee of the United States or of any agency in any branch of the United States Government" and was not "assisting" an identified officer or employee in the performance of the officer's "official duties." 18 U.S.C. § 1114. Rather, Officer Bell was on patrol as an employee of the MPD under the direct control of the Mayor. Federal officials were assisting MPD Officer Bell with enforcement of a purely local crime. Consequently, the complaint does not allege that Mr. Wilson "forcibly assault[ed], resist[ed], oppose[d], impede[d], intimidate[d], or interfere[d] *with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties*" as § 111(a)(1) requires. The Information therefore fails to state an offense and must be dismissed.

**Conclusion**

For the reasons herein and any others that appear to the Court, the Information must be dismissed for failure to state an offense.

> Respectfully Submitted,
>
> A.J. KRAMER
> FEDERAL PUBLIC DEFENDER
>
>
> _____/s/_____
> ELIZABETH MULLIN
> Assistant Federal Public Defender
> 625 Indiana Avenue, N.W., Suite 550
> Washington, D.C.  20004
> (202) 208-7500