UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRANCE WILSON<br><br>Defendant. | Crim. Action No. 1:25CR256 |

### MOTION TO EXPUNGE FEDERAL ARREST WARRANT

Terrance Wilson hereby, through counsel, moves this Honorable Court to expunge his arrest warrant and complaint in this matter.

### Relevant Background

Terrance Wilson was arrested on August 19, 2025, and charged by complaint with felony assaulting and resisting law enforcement officers in violation of 18 U.S.C. §111(a). The law enforcement officer Mr. Wilson allegedly assaulted is a Metropolitan Police Department (MPD) officer. Following his arrest, Mr. Wilson was detained until he was presented in federal court. At presentment, the government did not—and indeed could not—request detention under the Bail Reform Act. Undersigned counsel immediately moved to dismiss the complaint for failure to state a federal offense on the basis that the officers Mr. Wilson allegedly assaulted were Metropolitan Police Department officers. The government opposed. On August 29, 2025, the government filed an Information charging misdemeanor 18 U.S.C. § 111(a). A jury trial was scheduled for October 20, 2025. On September 18, 2025, the government moved to dismiss Mr. Wilson's case without prejudice. In the Motion, the government represented that it intends to charge Mr. Wilson in Superior Court. Undersigned counsel moved to dismiss with prejudice. The Court has dismissed

Mr. Wilson's case without prejudice and indicated in a Minute Order that it is holding in an abeyance the Motion to dismiss with prejudice. The Court should also expunge Mr. Wilson's federal arrest warrant.

## ARGUMENT

### I.  The Court Should Expunge Mr. Wilson's Arrest Warrant And Complaint

In other recent similar cases in which the government recklessly filed a complaint in federal court only to dismiss it weeks or days later, the government has argued that the Court does not have the ability to expunge an arrest warrant. Not so. While there may be no applicable expungement statute, "courts have the inherent, equitable power to expunge arrest records." *Livingston v. United States Department of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985). This is true both where there is an "unlawful … arrest" and where "equitable considerations" support it. *United States v. McKnight*, 33 F. Supp. 3d 577, 581 (D. Md. 2014) (noting that "the courts clearly have ancillary jurisdiction to expunge records of unlawful … arrests," while expunging arrest record where individual completed pretrial diversion program using its equitable discretion to "manage its proceedings, vindicate its authority, and (in particular) effectuate its decrees." (internal quotations omitted)).

As one court explained:

> In the absence of a specific denial of power, this court may fully effectuate its jurisdiction and do complete justice in the cases before it. *Morrow v. District of Columbia,* [] 417 F.2d 728, 737-738 [(D.C. Cir. 1969)]. *Cf.*, 28 U.S.C. § 1651 (All Writs Statute). This plenary power undoubtedly includes the authority to order expunction of criminal records where circumstances demand such action. *Menard v. Mitchell*, [] 430 F.2d 486 ([D.C. Cir.] 1970); *Kowall v. United States*, 53 F.R.D. 211, 213 (W.D. Mich. 1971) (expunction ordered in connection with granting relief under 28 U.S.C. § 2255); *United States v. Kalish,* 271 F.Supp. 968 (D.P.R. 1967). . . . Expunction has generally been ordered where the arrest was without probable cause, *Menard v. Mitchell*, *supra*, for harassment, or where there are extraordinary circumstances such as mass arrest. *See, e.g., Wheeler v. Goodman*, 306 F.Supp. 58, 65-66 (W.D.N.C. 1969).

*United States v. Bohr*, 406 F. Supp. 1218, 1219 (E.D. Wis. 1976) (granting expungement where

the court dismissed the indictment upon the filing of a motion to quash).

Here, Mr. Wilson was arrested and charged with a federal crime that he did not commit; and the government recognized as much by suddenly changing course and charging him in Superior Court. Expungement is wholly appropriate in these extraordinary circumstances. As in *McKnight* and *Bohr*, "[Mr. Wilson's] case never reached the trial stage[,]" and "[w]ithout subsequent proceedings, expunction of the [] arrest records would be a simple and brief matter." *Bohr*, 406 F. Supp. at 1219. Moreover, the balance of equities is clearly in Mr. Wilson's favor. "The potential that improper inferences will be drawn from arrest records is significant." *Id*. at 1220 (citing *Morrow v. District of Columbia,* supra, at 742; *Menard v. Mitchell,* supra, at 491). Yet, these records are the product of the government ignoring its own guidance, disregarding established precedent and a "charge first, ask questions later" mentality at the U.S. Attorney's Office. Jamieson, *Judge Warns Of 'Lawlessness' In Trump's DC Policing Takeover*. There is simply no valid interest that the government or the public has in maintaining access to records that are a product of a reckless prosecution and the arrest record for a federal offense should be expunged.

        Respectfully Submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER


        _____/s/_____
        ELIZABETH MULLIN
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500

,

Respectfully submitted,

A. J. Kramer
Federal Public Defender

_____/s/_____
Elizabeth Mullin
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500

f